UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KIRBY and SARAH JEAN KIRBY-GONZALEZ AS CO-TRUSTEES OF WILLIAM WARNER KIRBY 2014 TRUST,<br><br>Plaintiff,<br><br>v.<br><br>AT&T CORP. aka AT&T MOBILITY LLC; and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 3:21-cv-01680-BEN-BGS<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 9]** |

    James Kirby and Sarah Jean Kirby-Gonzalez, as co-trustees of William Warner Kirby's 2014 Trust ("Plaintiff") are suing Defendants AT&T and Does 1-10 ("Defendants") as a result of financial damages Plaintiff suffered following a "SIM card swap" that resulted in unknown individuals getting access to the decedent's accounts and using this access to wrongfully acquire money belonging to the Kirby Trust. Plaintiff's complaint cites fourteen claims for relief, all but one of which are based on California state law. *See generally* Complaint, ECF No. 1. The suit, originally filed in the Superior Court for the County of San Diego, was removed by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446. ECF No. 1.

1  Defendants subsequently filed the Motion to Dismiss now before the Court.  ECF No. 9.
2  For the reasons set forth below, the motion is **GRANTED**.
3       The co-trustees filed this suit in state court ostensibly as the putative successors-in-
4  interest.  In order to resolve the present motion, the facts of this case are not relevant
5  beyond the commencement of Plaintiff's suit.  Defendants seek dismissal of all claims
6  based on Plaintiff's failure to comply with California Code of Civil Procedure § 377.32.
7  This section requires persons seeking to commence an action as a decedent's successor-
8  in-interest to "execute and file an affidavit or a declaration" averring several facts
9  outlined by the statute.  Defendants argue that as Plaintiff has not filed the affidavit or
10 declaration in question, the case must be dismissed in its entirety.  Plaintiff responds that
11 the requirement of Section 377.32 is procedural, rather than substantive, and under the
12 *Erie Railroad* doctrine, this Court follows federal procedural rules and is not bound by
13 California's procedural requirement.  Opp'n, ECF No. 10 at 11-12.
14      This Court finds that even if the process of submitting the affidavit is procedural,
15 the content is substantive.  Section 377.32 requires a plaintiff to avow, under penalty of
16 perjury, among other items, that they are the true successor in interest to decedent's
17 estate, no other person has a superior right to commence a proceeding, and that there is
18 no proceeding then currently pending in California for the administration of the
19 decedent's estate.  Cal. Code Civ. Proc. § 377.32.  These requirements suggest the
20 existence of substantive, rather than procedural rules.  *See Exarhos v. Exarhos,* 159
21 Cal.App.4th 898, 901-902, (2008) (noting that trial court had dismissed action where
22 plaintiff sought to commence suit as a successor-in-interest but was barred from doing so
23 because of a pending probate proceeding).  Federal courts addressing the issue have also
24 found the requirement to be substantive vice procedural.  *See Anderson v. Hickman*, No.
25 CIV. S-07-1466LKKDAD, 2008 WL 2397470, at *1 (E.D. Cal. June 11, 2008), *Lopez v.*
26 *County of Los Angeles*, No. CV 15-01745 MMM MANX, 2015 WL 3913263, at *6, n. 21
27 (C.D. Cal., June 25, 2015).
28      Because this Court finds the affidavit requirement of Section 377.32 to be

substantive, Plaintiff must demonstrate compliance with Section 377.32 for this suit to proceed. As Plaintiff has failed to do so, the Court must dismiss the case.

**CONCLUSION**

Defendants' motion to dismiss is GRANTED. Plaintiff may file a First Amended Complaint within twenty-one (21) days that cures the pleading deficiencies identified in this Order.

**IT IS SO ORDERED.**

Dated: April 26, 2022

**HON. ROGER T. BENITEZ**
United States District Judge